UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TY EVANS,

    Plaintiff,

    v.       No. 3:25 CV 856

COMMISIONER LLOYD ARNOLD,

    Defendant.

## OPINION and ORDER

Ty Evans, a prisoner without a lawyer, filed an amended complaint.[1] (DE # 13.) Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Evans is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] This pleading supersedes his original complaint (DE # 1) and controls the case from this point forward. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

Evans is incarcerated at Indiana State Prison (ISP). He claims to be a follower of "Modern Taoism." Earlier this year, he ordered a book from Amazon entitled, "Xiandai Tao Te Ching," which he claims is the primary religious text for adherents of Modern Taoism. Evans previously owned this book but lost his copy during his release from prison and subsequent reincarceration. He claims the only place to buy the book is Amazon.

In July 2025, the book arrived at the prison but was confiscated by prison staff. Evans was told the package was not in compliance with Indiana Department of Correction (IDOC) policy because the sender could not be identified. Evans claims that inmates are permitted to order books from Amazon and routinely do so, but the return address on his package was listed as an Amazon fulfillment center rather than Amazon. He claims there was no security reason to confiscate his book, and that the loss of the book has hindered his religious practice and his right to reading material of his choosing. He sues IDOC Commissioner Lloyd Arnold for monetary damages and other relief.

The Free Exercise Clause of the First Amendment "prohibits the state from imposing a substantial burden on a central religious belief or practice" of an inmate's religion. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). The First Amendment also encompasses the right to free speech, including the "freedom to read." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005). Prisons may impose restrictions on an inmate's exercise of his First Amendment rights, provided that the restriction is reasonably related to legitimate penological

2

objectives, including safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). In determining whether a restriction is valid, the court considers (1) whether the restriction is rationally connected to a legitimate government objective; (2) whether there is an alternative means of exercising the right; (3) what impact the restriction would have on other inmates and staff; and (4) the existence of other options that would suggest the prison is exaggerating its concerns. *Id.* at 89-91.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") also offers protections to inmates in the exercise of their religion and prohibits a government actor from imposing a substantial burden on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). RLUIPA only provides for injunctive relief against state officials, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect of his religious practice has been substantially burdened. *Id.* At a later stage, the burden shifts to the defendant to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005).

Here, Evans alleges that the book he ordered posed no security risk and otherwise complied with prison policies. He claims that Amazon fulfillment centers are a part of the "Amazon empire" and that there is no legitimate reason for distinguishing

3

between packages from Amazon and packages from an Amazon fulfillment center.[2] He alleges the confiscation of the book has inhibited his free speech rights and substantially burdened his religious practice. Giving him the inferences to which he is entitled, he has stated a plausible claim for injunctive relief against Commissioner Arnold under the First Amendment and RLUIPA related to his receipt of books from Amazon fulfillment centers. He mentions incidents involving other inmates, including an inmate who tried to order a book that Evans himself authored, but he has no standing to vindicate the rights of other prisoners. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). He is also prohibited from bringing claims on behalf of other prisoners since he is not a licensed attorney. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

He also seeks monetary damages for his loss of the book and impairment of his religious practice. To obtain damages from Commissioner Arnold, Evans must allege personal involvement by this official. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Evans' complaint can be read to allege that the book was confiscated pursuant to a directive from Commissioner Arnold, which is enough to proceed further. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (personal involvement requirement is satisfied

---

[2] He asserts that a judge in the Southern District of Indiana issued a permanent injunction permitting inmates in Indiana to receive mail from third-party fulfillment centers. (DE # 13 at 3.) However, the case he references addressed a much narrower issue which is not relevant to this case. *See Evans v. Commissioner*, 1:22-CV-936-JMS-KMB (S.D. Ind. closed order dated Apr. 12, 2023), DE # 39 at 8 ("The sole legal issue in this case is whether treating photobooks ordered and delivered directly from publishers as general correspondence and therefore subjecting them to the photocopy policy violates Plaintiffs' First Amendment rights."). Furthermore, if Evans believes there has been a violation of the injunction issued in that case, the appropriate course would be to raise that issue with the attorney who represented the plaintiff class.

if the constitutional violation occurs at supervisory defendant's direction or with his knowledge or consent).

Evans also seeks monetary damages against Commissioner Arnold under Indiana's Religious Freedom Restoration Act (IRFRA).[3] IND. CODE § 34-13-9-1 *et seq*. Similar to RLUIPA, that statute "provides that a governmental entity may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability." *Indiana Fam. Inst. Inc. v. City of Carmel*, 155 N.E.3d 1209, 1213 (Ind. Ct. App. 2020). An individual defendant acting on behalf of the state may only be sued for damages in his official capacity under IRFRA. *Morales v. Grage*, 211 N.E.3d 591 (Ind. Ct. App. 2023). A claim for damages against Commissioner Arnold in his official capacity is barred by the Eleventh Amendment in federal court. *See Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018) ("[A] state official (in his official capacity) *is* the state."); *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) ("[S]tate agencies, as arms of the state, are immune from suit under the Eleventh Amendment."). He will not be permitted to proceed on this claim.

Evans separately moves for a preliminary injunction asking that he be allowed to receive books from Amazon fulfillment centers—including the Taoism book that was confiscated—while this case is pending. (DE # 15.) He separately moves to amend his

---

[3] If he is invoking the federal version of RFRA, this claim is unavailing because that law only applies to federal officials. *See* 42 U.S.C. § 2000bb-2; *Tanzin v. Tanvir*, 592 U.S. 43 (2020).

motion for a preliminary injunction to replace an unsigned declaration he mistakenly submitted with a signed one. (DE # 16.) The latter motion will be granted.

As for the preliminary injunction motion, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff

6

is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting). The court also must consider the Supreme Court's admonition that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

At present, the court only has Evans' version of events and his own subjective assessment of whether receiving mail from a third-party fulfillment center poses a security risk. The court must consider the Seventh Circuit's recent opinion holding that prison officials in Wisconsin provided adequate security justifications for a similar restriction on receipt of packages from Amazon fulfillment centers at the summary judgment stage. *Benson v. York*, No. 25-1242, 2025 WL 3090129, at *1 (7th Cir. Nov. 5, 2025). Although Evans has alleged enough to state a claim, the court considers that prison officials may be able to show an adequate justification for the restriction at a later

7

stage. In light of deference owed to prison officials on matters related to prison security, the court will order the Commissioner to respond before taking further action on Evans' motion for a preliminary injunction.

As a final matter, Evans is not proceeding in forma pauperis and instead paid the filing fee. (DE ## 9, 14.) Therefore, the court is not obligated to serve the defendant pursuant to 28 U.S.C. § 1915(d). Rather, it is Evans' obligation to serve the defendant with a copy of the amended complaint and this screening order in accordance with Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Commissioner Lloyd Arnold in his personal capacity for monetary damages under the First Amendment for directing prison staff to confiscate a book sent to plaintiff at the prison in July 2025 without an adequate security justification;

(2) **GRANTS** the plaintiff leave to proceed against Commissioner Lloyd Arnold in his official capacity for injunctive relief under the First Amendment and the Religious Land Use and Institutionalized Persons Act to permit him to receive religious and other books from Amazon fulfillment centers;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk to sign and seal summons forms for Commissioner Lloyd Arnold and send them to the plaintiff;

(5) **GRANTS** the plaintiff's motion to amend his motion for preliminary injunction (DE # 16) and **DIRECTS** the Clerk to separately docket the signed declaration submitted with the motion (DE # 16-1) as of November 4, 2025;

(6) **ORDERS** Commissioner Arnold to file and serve a response to the plaintiff's motion for a preliminary injunction within **thirty days** of being served with summons, addressing (with evidentiary support as necessary) whether it poses a security risk to permit Evans to receive books from Amazon fulfillment centers while this case is pending, including the book that was confiscated in July 2025; and

(7) **ORDERS** Commissioner Arnold to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 24, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT